IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ashley Prior,<br><br>    Plaintiff,<br><br>v.<br><br>Aiken SC Courthouse, Aiken Detective's Office, Greg Savell, Heather DeLoach,<br><br>    Defendants. | C/A No.: 3:24-cv-4261-SAL<br><br><br>**ORDER** |

  This matter is before the court on review of the Report and Recommendation (the "Report") issued by United States Magistrate Kevin F. McDonald, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 25.] The magistrate judge recommends dismissing the action without prejudice and without leave to amend because Plaintiff failed to comply with multiple court orders and because the amended complaint is otherwise subject to dismissal for failure to state a claim. [ECF No. 25.] Plaintiff objects. [ECF No. 30.] These matters are ripe for review by this court.

**BACKGROUND AND PROCEDURAL HISTORY**

  Plaintiff filed this action under 42 U.S.C. § 1983 on August 2, 2024. [ECF No. 1.] Shortly thereafter, the magistrate judge issued an order advising Plaintiff that the case was not in proper form for service and instructing him to provide required documents and keep the court informed of any address changes. [ECF No. 4.] Plaintiff was warned that failure to comply would result in dismissal. *Id.*

1

Plaintiff filed an amended complaint on September 3, 2024, but again failed to submit the necessary service documents. *See* ECF No. 6. This prompted a second proper form order giving Plaintiff additional time to correct the defects. *See* ECF No. 10.

Plaintiff responded but again did not provide the required forms, leading to a third and final proper form order, which warned that failure to comply or notify the court of an address change could result in dismissal of his action. [ECF No. 21.]

Plaintiff did not respond to the third order. Because this case was not in proper form for service, the magistrate judge recommends that it be dismissed under Fed. R. Civ. P. 41(b) for failure to comply with a court order. [ECF No 25.] Although Plaintiff has since provided some of the required documentation, the case remains subject to dismissal for other reasons detailed in the Report and below.

Plaintiff, currently incarcerated at Kershaw Correctional Institution ("Kershaw"), challenges his burglary conviction, a charge to which he pleaded guilty. *See* ECF No. 6; *South Carolina v. Prior*, 2018-GS-01-01898, Aiken County Public Index, https://publicindex.sccourts.org/Aiken/PublicIndex/PISearch.aspx (enter the plaintiff's name and 2018GS0201898) (last visited July 1, 2025) ("*South Carolina v. Prior* (Criminal)"). Plaintiff alleges he was wrongfully convicted due to errors in state court documents and ineffective assistance of counsel. [ECF No. 6.]

## STANDARDS OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir.

2

2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)).  The district court then makes a de novo determination of those portions of the Report to which an objection is made.  *Id.*  To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection.  *Id.*  (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim.  *Elijah*, 66 F.4th at 460.  Objections need not be novel to be sufficiently specific.  *Id.*  Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation."  *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff proceeds *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which allows the District Court to dismiss an action if it "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

This action is also filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' rather it provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

### I. The Report

The Report details Plaintiff's failure to comply with court orders, particularly his omission of forms required for service, justifying dismissal under Fed.R.Civ.P.41(b). [ECF No. 25.] Plaintiff has now provided those forms, but this matter is subject to dismissal for additional reasons.

#### A. Plaintiff Cannot Get the Relief He Seeks Under § 1983

Plaintiff seeks to reduce his sentence reduced to match that of his codefendant. [ECF No. 30.] But the court cannot grant such relief under § 1983. As the Supreme Court explained, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983," *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Even if this court construes Plaintiff's complaint as a damages claim, under *Heck* § 1983 actions are barred until the conviction is invalidated, which Plaintiff has not demonstrated. *Id.* at 489 ("Even a prisoner who has fully exhausted available state remedies has no cause of action

under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."). The state court docket reflects that Plaintiff pleaded guilty to burglary first degree in August 2018, and he later unsuccessfully challenged his conviction and sentence through post-conviction relief ("PCR"). *See South Carolina v. Prior* (Criminal); *see also* Aiken County Public Index, https://publicindex.sccourts.org/Aiken/PublicIndex/PISearch.aspx (enter the plaintiff's name and 2019CP0202013) ("*Prior v. South Carolina* (PCR)"). Because the charge has not since been terminated in Plaintiff's favor, any construed damages would be barred.

### B.     Failure to State a Claim

Plaintiff's claims against Assistant Solicitor Heather Deloach for errors in charging documents are barred by prosecutorial immunity. [ECF No. 25.]

Plaintiff argues he could not have committed the crime since the charging documents spelled his name wrong and listed him as female, and he brings claims against Assistant Solicitor Heather Deloach for those errors. But these claims are subject to dismissal because Deloach is entitled to prosecutorial immunity as "prosecutors enjoy absolute immunity from damages liability under § 1983 when they act as advocates for the state in criminal judicial proceedings." *Id.* at 8; *see C.D. v. Descano*, No. 23-1402, 2025 WL 1672855, at *1 (4th Cir. June 13, 2025) ("Even where a prosecutor performs 'an ostensibly administrative task,' he is entitled to absolute immunity if the task is 'directly connected with the prosecutor's basic trial advocacy duties, and requires legal knowledge and the exercise of related discretion.'" (quoting *Safar v. Tingle*, 859 F.3d 241, 249 (4th Cir. 2017) (per curiam) (some internal quotations omitted))); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 267–71 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).

5

Plaintiff's claims against the Aiken SC Courthouse and Aiken Detective's Office fail because these entities are not "persons" subject to suit under § 1983. [ECF No. 25 at 8–9.] Both should be dismissed from the action.

Broadly construing Plaintiff's complaint as seeking damages from Officer Savell for false arrest, that claim is properly analyzed as a claim for unreasonable seizure under the Fourth Amendment. *See* ECF No. 25 at 9; *see also Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001). Because, however, Plaintiff was indicted by a grand jury, any claim for false arrest is barred since fair indictments returned by proper grand juries conclusively determine probable cause. *See* ECF No. 25 at 9; *South Carolina v. Prior* (Criminal); *see also Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012). Therefore, Plaintiff's Fourth Amendment claims should be dismissed as well.

## II.     Plaintiff's Objections

Plaintiff's objections[1] to the Report raise additional grievances about Officer Savell and Assistant Solicitor Deloach, but these do not cure the deficiencies identified in the Report. The indictment negates claims against Savell, and prosecutorial immunity bars claims against Deloach.

Plaintiff offers that Savell mishandled the arrest and "promised [Plaintiff] no extra time in this case for [his] help." [ECF No. 30.] These additional complaints about Savell do not remedy the issues with the claims he makes in his amended complaint. As stated above and in the Report, even to the extent Plaintiff's amended complaint is broadly construed to raise Fourth Amendment-based claims against Savell, the indictment established probable cause, so the claims should be summarily dismissed. And the court cannot reduce Plaintiff's sentence through a § 1983 action.

---

[1] Prior to his objections, the court received two letters from Plaintiff indicating there may have been some delays with the court's receipt of his filings. *See* ECF Nos. 28 & 29. Plaintiff's objections were untimely, but Plaintiff has not been penalized for that.

Plaintiff repeats in his objections that Assistant Solicitor Deloach "thought [he] was a lady and had wrong SSN number." [ECF No. 30 at 1.] He further indicates he was offered a 15-year deal by Deloach, and she "went back on it." *Id.* at 2. But Deloach is entitled prosecutorial immunity, and the claims Plaintiff makes against Deloach do not impact the application of immunity.

Plaintiff attempts to add the Public Defender's Office and individual public defenders Berry Thomson and David Hayes. *Id.* at 1, 2. However, such amendments are improper in objections. Further, because Plaintiff has already filed one amended complaint, he must comply with Federal Rule of Civil Procedure 15 and obtain leave from the court to amend the complaint. While the rules instruct this court to freely give leave to amend if justice so requires, the defendants and claims Plaintiff arguably seeks to add are also subject to summary dismissal. The Public Defender's Office is not a "person" as identified under § 1983, and therefore not subject to suit. Further, public defenders do not act under the color of state law when representing clients. Therefore, they are not amenable to suit under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 324–25 (1981); *see also Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980) (finding no state action under § 1983 even where the plaintiff's attorney was a court-appointed public defender). Were the court to broadly construe Plaintiff's objections as a motion to add Thomson and Hayes as defendants, they are not proper § 1983 defendants, so the amendment would be futile.

Similarly, Plaintiff's mention of Tara Shurling in his objections does not suffice to name her a defendant or state a claim. [ECF No. 30 at 5.] She is not a defendant in this case, nor has Plaintiff moved to include her as a defendant. Moreover, he fails to demonstrate how she would be a proper § 1983 defendant.

And finally, references to Plaintiff's mental health history and fitness to stand trial, ECF No. 30 at 4, relate to the constitutionality of his conviction and sentence, which cannot be challenged through § 1983. *West v. Atkins*, 487 U.S. 42, 48.

Plaintiff's objections are overruled, and this case is summarily dismissed.

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 25, is adopted and incorporated. Thus, this action is **SUMMARILY DISMISSED** without prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

July 14, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge